The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA CABELLO GARCIA, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 3:22-cv-5984<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.   INTRODUCTION

Defendants U.S. Citizenship and Immigrations Services ("USCIS"), *et al.* ("Defendants") bring this motion to dismiss the putative class action complaint filed by Plaintiff Linda Cabello Garcia ("Plaintiff") for lack of subject matter jurisdiction and for failure to state a claim. Dkt. No. 26. Plaintiff opposes the motion. Dkt. No. 32. Having reviewed the motion, response thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

1

## II.      BACKGROUND

Plaintiff is a citizen of Mexico who was granted U nonimmigrant status (commonly referred to as a "U-Visa") in 2016. She currently lives in Tacoma, Washington. In 2020, Plaintiff timely applied to adjust her U nonimmigrant status to that of lawful permanent resident pursuant to 8 U.S.C. § 1255(m). USCIS denied her request because she failed to submit a completed medical exam with her application. Plaintiff alleges that she did not obtain the medical exam because she suffers from a "significant, diagnosed panic disorder" that prevented her from going to the doctor's office for the exam. Dkt. No. 1 at ¶ 2. She further asserts that unlike most adjustment-of-status applicants who are subject to public health admissibility grounds under 8 U.S.C. § 11(a)(1), U-Visa applicants are not. Therefore, Plaintiff alleges, USCIS's denial of her adjustment-of-status application based on her failure to submit a completed medical exam was "arbitrary, capricious," "not in accordance with law," and "in excess of statutory … authority." *Id.* at ¶ 3 (quoting 5 U.S.C § 706(2)(A), (C)). She instituted this action under the Administrative Procedure Act ("APA"), requesting that this Court set aside USCIS's determination and order it to re-adjudicate her application. Plaintiff also seeks class-wide relief to declare unlawful and enjoin USCIS's policy or practice of requiring medical examinations for U-Visa adjustment-of-status applicants.

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that 8 U.S.C. § 1252(a)(2)(B)(i) precludes this Court from exercising jurisdiction over USCIS's decision to deny Plaintiff's adjustment-of-status application, as well as any preliminary judgments relating to the adjudication of the application. Alternatively, Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim.

Because this Court concludes that it does not have jurisdiction to adjudicate Plaintiff's claim, the Court's analysis stops there.

### III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When, as here, a party raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). Dismissal "is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *Id*. at 984–85.

### IV.   DISCUSSION

The APA provides that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review," 5 U.S.C. § 704, and it instructs courts to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ...." § 706(2)(A). "But Congress has sharply limited judicial review in the immigration context, and 'the APA's general provision authorizing judicial review of final agency actions must yield to ... immigration-specific limitations.'" *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1027 (7th Cir. 2023) (quoting *Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020)). Here, Defendants argue that the jurisdiction limiting

3

provision in 8 U.S.C. § 1252(a)(2)(B) prevents Plaintiff from using the APA to challenge the denial of her adjustment-of-status application.

Section 1252(a)(2)(B) provides:

**(B) Denials of discretionary relief**

Notwithstanding any other provision of law (statutory or nonstatutory) , … and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
 (i) any judgment regarding the granting of relief under … 1255 of this title

….

In a 5-4 decision in *Patel v. Garland*, the Supreme Court held that "*any* judgment *regarding* the granting of relief under § 1255" falls within § 1252(a)(B)(i)'s prohibition on judicial review. *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) (emphasis in original). Focusing on the phrase "any judgment", the Supreme Court held that § 1252(a)(B)(i)'s prohibition precludes review of judgments "of whatever kind under § 1255, not just discretionary judgments or the last-in time judgment." *Id*. (cleaned up). Thus, § 1252(a)(2)(B)(i), as interpreted in *Patel*, "precludes review of all kinds of agency decisions that result in the denial of relief—whether they be discretionary or nondiscretionary, legal or factual." *Abuzeid v. Mayorkas*, 62 F.4th 578, 584 (D.C. Cir. 2023).

The only saving grace for individuals seeking judicial review of their adjustment-of-status determinations is § 1252(a)(2)(D), which exempts from subsection (B)'s prohibition "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals". However, § 1252(a)(2)(D) is limited to actions brought in removal proceedings, thus it only exempts from subsection (B)'s prohibition, constitutional claims or questions raised "in a petition for review from a final order of removal." *Britkovyy*, 60 F.4th at

1028 (noting that § 1252(a)(2)(D) was inapplicable to the plaintiff's claim because he had "not received a final order of removal"); *see also Patel*, 142 S. Ct. at 1636 (Gorsuch, J. dissenting) (stating that "subparagraph (D) does not apply to preserve review of legal and constitutional questions" outside the removal context).

Relying on the foregoing analysis, Defendants argue that this Court lacks subject matter jurisdiction to review USCIS's denial of Plaintiff's adjustment-of-status application. Plaintiff counters that § 1252(a)(2)(B)'s prohibition on judicial review of such determinations only applies in the removal context and because Plaintiff is not in a removal proceeding, this Court is not precluded from reviewing USCIS's determination.

Plaintiff's argument was expressly addressed in *Patel v. Garland* and rejected by all but one court that has faced the same issue in the eleven months since *Patel* was decided.[1] In *Patel*, the petitioner and government each argued that the Supreme Court's expansive interpretation of § 1252(a)(2)(B)'s prohibition on judicial review would have the consequence of "precluding all review of USCIS denials of discretionary relief" because those "decisions are made outside the removal context, and subparagraph (D) preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal."[2] *Patel*, 142 S. Ct. at 1626. The Court acknowledged this possible repercussion, stated that the issue was not currently before it, but then went on to declare that "it is possible that Congress did, in fact, intend to close that

---

[1] *See e.g. Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023); *Britkovyy v. Mayorkas*, 60 F.4th 1024 (7th Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856 (11th Cir. Mar. 20, 2023); *Chaudhari v. Mayorkas*, No. 22-cv-0047, 2023 WL 1822000 (D. Utah Feb. 8, 2023); *Fernandes v. Miller*, No. 22-cv-12335, 2023 WL 1424171 (E.D. Mich. Jan. 31, 2023); *Morina v. Mayorkas*, No. 22-cv-02994, 2023 WL 22617 (S.D.N.Y. Jan. 3, 2023); *Walsh v. Mayorkas*, No. 20-cv-0509, 2022 WL 17357729 (N.D. Ill. Dec. 1, 2022); *but compare Hernandez v. USCIS*, No. 22-cv-904, 2022 WL 17338961 (W.D. Wash. Nov. 30, 2022).

[2] Indeed, Justice Gorsuch highlighted this possibility in his dissent. *Patel*, 142 S.Ct. 1636 (Gorsuch, J., dissenting) ("So under the majority's construction of subparagraph (B)(i), individuals who could once secure judicial review to correct administrative errors at step one in district court are now, after its decision, likely left with no avenue for judicial relief *of any kind*.) (emphasis in original).

door." *Id*. at 1626-27 (speculating that Congress intended to foreclose judicial review "unless and until removal proceedings are initiated" as consistent with its "choice to reduce procedural protections in the context of discretionary relief"). Thus, although *Patel* was decided in the context of a removal proceeding, courts have construed the Supreme Court's broad language to preclude judicial review of any adjustment-of-status determinations made by USCIS outside of the removal context. *See* footnote 1, *supra*.

Thus, this Court will also adopt the interpretation of § 1252(a)(2)(B) espoused by the majority of courts that have addressed this issue since *Patel* and conclude that it does not have subject matter jurisdiction to review Plaintiff's claim under the APA.[3]

### V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Defendants' motion to dismiss [Dkt. No. 26] and DISMISSES this matter.

Dated this 17th day of April 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[3] In finding it lacks jurisdiction, the Court recognizes the anomalous situation that results from its ruling. The structure of our legal system assumes that there will be judicial review of agency actions. To remove an agency action from judicial review represents a serious depart from our societal mores and from the principles on which our government is formed.